MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorney for Plaintiff
WENDY HAUT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY HAUT<br><br>    Plaintiff,<br><br>vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY; and CENGAGE LEARNING, INC. GROUP LONG TERM DISABILITY PLAN,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations

of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes and thereon alleges that Defendant, Cengage Learning, Inc. Group Long Term Disability Plan is an employee welfare benefit plan established and maintained by Cengage Learning, Inc., a Delaware corporation, to provide its employees with monthly disability income insurance protection, and, is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant, Reliance Standard Life Insurance Company (hereafter "RELIANCE STANDARD"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Illinois and authorized to transact and transacting the business of insurance in this state.

6. Plaintiff WENDY HAUT (hereafter "Plaintiff") is a resident and citizen of the State of California, an employee of Cengage Learning, Inc. and a participant in the employee benefit plan.

7. Defendant RELIANCE STANDARD issued Group Disability Income Policy Number LTD 123610 to Cengage Learning, Inc. and the eligible participants and beneficiaries of the Plan.

8. Based upon information and belief, the Plan provides a disability benefit based upon Plaintiff's pre-disability monthly earnings following a one-hundred and eighty-day Elimination Period.

9. Based upon information and belief, per the Plan "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:

- During the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
- After a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation.

10. On or about September 19, 2020, Plaintiff became disabled as defined by the plan.

11. Based upon information and belief, Plaintiff timely filed a claim for benefits under the subject plan.

12. On or about December 6, 2020, Dr. Brendan Courneene expressed his support for Plaintiff's disability claim: "Based on minimal improvement since the onset of symptoms, it is my clinical recommendation that Wendy abstain from strenuous activity including work related activities until fatigue improves and complete diagnosis of secondary illness is determined."

13. On or about December 16, 2020, Plaintiff's treating neurologist, Dr. Marisa Chang prepared a letter regarding Plaintiff's disability status:

- Ms. Haut suffers from multiple post COVID multi-organ dysfunction including severe diarrhea, cognitive dysfunction, word finding difficulties, confusion, balance difficulties, incontinence, memory issues, brain fog, difficulty multi-tasking and difficulty with attention and concentration.
- I do not believe Ms. Haut is able to work.
- I believe it is medically necessary for her to be on short-term disability until at least 06/01/2021.

14. On or about April 19, 2021, Dr. Maggie Ney prepared a letter in support of Plaintiff's disability:

- I am encouraging my patient, Wendy Haut (DOB: 2.28.1973), to stop working and apply for long term disability as she recovers from the debilitating and lasting side effects from the Coronavirus Virus.
- She has been struggling with profound fatigue and extreme cognitive difficulties that make it impossible for her to do her job.

15. On or about May 10, 2021, Plaintiff's neurologist, Marisa Chang, MD, also wrote a letter of support of Plaintiff's disability:

- I am the primary treating neurologist of Ms. Haut.
- Ms. Haut [sp] suffers from severe post-COVID syndrome and is a post-COVID long hauler.
- The patient suffers from multiple severe neurologic deficits including short-term memory loss, brain fog, difficulty multitasking, severe fatigue, attention and concentration difficulties.
- She is unable to perform executive functioning such as making decisions, following through on tasks and is having difficulty modulating her emotions.
- She cannot perform her activities of daily living including shopping for groceries, paying bills or managing time.
- Moreover, she suffers from chronic headaches, insomnia, and balance issues. She has autonomic instability with heart rate and blood pressure instability. In addition, the patient has diffuse weakness, difficulties with dexterity and incontinence.
- I believe Ms. Haut is unable to work due to neurological complications of post-COVID syndrome and qualifies for long-term disability.

16. On or about May 17, 2021, Defendant RELIANCE STANDARD denied Plaintiff's claim for Long Term Disability benefits.

17. On or about June 7, 2021, neuropsychologist Martin Stern, Ph.D. prepared a report regarding Plaintiff's neuropsychological evaluation. The conclusion was the testing was consistent with mild cognitive dysfunction.

18. Based upon information and belief, Plaintiff filed a timely appeal of the denial of her claim.

19. On or about November 8, 2021, Dr. Eric Mizrahi prepared an Interim Assessment Report regarding Plaintiff's current status:

- The following is to attest that I have served as Wendy Haut's primary care physician since she contracted COVID-19 on 09/19/2020.

- She developed an aggressive course with devastating and rapid deterioration requiring near ICU level care at home.
- She took nearly three months to recover and wean off oxygen and is still weaning steroids.
- At this point in time, I am mostly concerned about her relentless asthma and chronic cough that did not exist prior to this illness and her physical and mental decompensation.
- As a former top software sales executive, she had to resign from that position due to her inability to keep up with the job demands and attention to detail required in that industry.
- To date she experiences constant mental fog and forgetfulness, especially short term memory, and thought processing.
- She is literally incapable of assuming her responsibilities of daily living without assistance.

20. On or about November 4, 2021, Plaintiff consulted with Dr. Sara Ghanderhari regarding Outpatient Pulmonary Rehabilitation. Plaintiff remained symptomatic from her prior COVID-19 infection with cough and tachycardia.

21. On or about December 14, 2021, Defendant RELIANCE STANDARD denied Plaintiff's appeal and advised that she had exhausted her administrative remedies.

22. As a direct and proximate result of the Defendant RELIASTAR's failure to provide Plaintiff with Long Term Disability benefits, she has been deprived of said benefits from on or about March 22, 2021 to the present date.

23. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorney fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

24. A controversy now exists between the parties as to whether Plaintiff is

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN

disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and thus she is entitled to ongoing disability benefits under the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of disability benefits from March 22, 2021 to present;

2. An order determining that Plaintiff is entitled to ongoing disability benefits; and

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

DATED: January 10, 2022                    DONAHUE & HORROW, LLP

_____
MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff